## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Civil Action No. 2:18-cv-11387 |
| Plaintiff(s), | : | Hon. Madeline Cox Arleo<br>Mag. Steven C. Mannion |
| v. | : | JOINT DISCOVERY PLAN |
| DONALD J. MELIADO, JR.,<br>JACQUELINE V. MELIADO,<br>NEW JERSEY DIV. OF TAXATION,<br>NEW JERSEY DEP'T OF LABOR,<br>SCHACHTER & PORTNOY | : | Scheduling Conf.: 10/30/2018<br>10:00a.m.<br>Courtroom 2B |
| Defendant(s), | : | |

1. Set forth a factual description of the case. Include the causes of action and affirmative defenses asserted.

   This is a civil action brought by the United States to reduce certain federal tax assessments against Donald and Jacqueline Meliado to judgment. The United States' complaint alleges that the federal tax assessments, against Donald and Jacqueline Meliado jointly, are for unpaid federal income tax balances covering seven tax years from 2005 to 2014. Additional "trust fund recovery penalty" tax assessments, against only Donald Meliado, Jr., are for certain quarterly tax periods from 2005 to 2012, and arise from the Meliado & Meliado law firm's unpaid quarterly payroll taxes.

   The United States further seeks to foreclose its tax liens against certain of the Meliados' real property, and for a judicial sale of that real property. The New Jersey Division of Taxation, the New Jersey Department of Labor, and Shachter & Portnoy are joined as defendants because they may have an interest in the real property to be foreclosed.

   Defendants Donald and Jacqueline Meliado have answered the complaint; have generally denied the complaint's allegations; and have raised the affirmative defenses that the complaint fails to state a legal claim, waiver, equitable estoppel, unclean hands, and laches. In addition, defendants shall further assert that: (a) Jacqueline Meliado is not liable for the tax obligations of the Meliado & Meliado Firm; and (b) Monies received by the plaintiff on defendants' account have not been properly credited to account.

   The Division of Taxation, the Department of Labor, and Schachter & Portnoy have all been served but have not timely answered or otherwise appeared.

2. Have settlement discussions taken place? Yes ___ No _X_

3.
   (a) What was plaintiff's last demand?

       *(1)* Monetary demand:

           $369,637 jointly against Donald and Jacqueline Meliado jointly, and an additional $34,618 against Donald Meliado, Jr., solely.

       (2) Non-monetary demand: NONE

   (b) What was defendant's last offer?

       (1) Monetary offer: NONE
       (2) Non-monetary offer: NONE

4. The parties have NOT FULLY exchanged the information required by Fed. R. Civ. P. 26(a)(1). If not, state the reason therefor.

    Plaintiff has served its Rule 26(a)(1) disclosures. Defendants are waiting for imminent filing of tax returns for the subject years.

5. Describe any discovery conducted other than the above disclosures.

    No party has served any discovery requests to date.

6. Generally, dispositive Motions cannot be filed until the completion of discovery. Describe any Motions any party may seek to make prior to the completion of discovery. Include any jurisdictional Motion and Motions to Amend.

    The United States does not anticipate filing any motions until the completion of discovery, unless irreconcilable difficulties arise during the discovery process.

    Donald and Jacqueline Meliado's anticipate: To Be Determined.

7. The parties proposed the following:

   (a) Discovery is needed on the following subjects:

    The United States will need discovery on the Meliados' affirmative defenses. If the Meliados contest the underlying tax assessments, the United States will need additional discovery with respect to the alleged underlying tax liabilities.

    Donald and Jacqueline Meliado anticipate the need for discovery to determine the monies that have been received by plaintiff on defendants' tax account and how such payments have been applied; preliminarily, defendants shall require the transcript of their tax account.

(b) Should discovery be conducted in phases? If so, explain.

    The parties do not see a need for phased discovery.

(c) Number of Interrogatories by each party to each other party:

    25, in the absence of leave

(d) Number of Depositions to be taken by each party: 5, in the absence of leave

(e) Plaintiff's expert report due on January 1, 2019 (although the United States does not anticipate expert testimony will be needed).

(f) Defendant's expert report due on Janaury 1, 2019 (although the Meliados do not anticipate expert testimony will be needed).

(g) Motions to Amend or to Add Parties to be filed by November 1, 2018.

(h) Dispositive motions to be served within 75 days of completion of discovery.

(i) Factual discovery to be completed by June 1, 2019.

(j) Expert discovery to be completed by March 31, 2019.

(k) Set forth any special discovery mechanism or procedure requested, including data preservation orders or protective orders:

    The parties do not anticipate the need for any special discovery mechanism or procedure.

(l) A pretrial conference may take place on Dec. 1, 2019.

(m) Trial by jury or non-jury Trial? Non-jury

(n) Trial date: December 15, 2019 unless the Court has not yet ruled on a pending summary judgment or other dispositive motion.

8. Do you anticipate any discovery problem(s)? Yes   No X
If so, explain.

9. Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documenrs, etc.)?
Yes   No X
If so, explain.

10. State whether this case is appropriate for voluntary arbitration (pursuant to L. Civ. R. 201.1 or otherwise) or mediation (pursuant to L. Civ. R. 301.1 or otherwise), appointment of a special master or other special procedure. If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.).

> The United States' position is that federal tax cases are not generally appropriate for alternative dispute resolution measures.

> Donald and Jacqueline Meliado's position is that after the exchange of discovery, this matter would be appropriate for a settlement conference.

11. Is this case appropriate for bifurcation? Yes ___ No X

12. We do NOT consent to the trial/or dispositive motions being conducted by a Magistrate Judge.

_____  10-17-2018
Joseph E. Hunsader
Trial Attorney, U.S. Department of Justice, Tax Division
*Attorney for Plaintiff United States*

_____  October 18, 2018
Lewis Cohn
Witman Stadtmauer, P.A.
*Attorney for Defendants Donald and Jacqueline Meliado*