UNITED STATES DEPARTMENT OF JUSTICE
RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General, Tax Division
JOSEPH E. HUNSADER
Trial Attorney
P.O. Box 227 - Ben Franklin Station
Washington, DC 20044
Tel: (202) 514-0472
Email: joseph.e.hunsader@usdoj.gov

UNITED STATES ATTORNEY'S OFFICE
CRAIG CARPENITO
United States Attorney
970 Broad Street, Suite 700
Newark, NJ 07102-2535
Tel: (973) 645-2700
*Attorneys for the United States of America*

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
|             Plaintiff, | ) |
| v. | ) No. 2:18-cv-11387-MCA-SCM |
| DONALD J. MELIADO, JR., JACQUELINE V. MELIADO, NEW JERSEY DEP'T OF TREASURY-DIVISION OF TAXATION, and NEW JERSEY DEP'T OF LABOR, | ) |
|             Defendants. | ) |

**UNITED STATES' MOTION TO AMEND COMPLAINT
TO ADD STARK & STARK AS A DEFENDANT**

## INTRODUCTION

The United States hereby respectfully moves pursuant to Fed.R.Civ.P. 15(a)(2) to add Stark & Stark as a Defendant that may have an interest in the real property against which the United States seeks to foreclose its tax liens against Defendants Donald and Jacqueline Meliado.

The addition of Stark & Stark in place of the now dismissed Schachter & Portnoy is the only requested amendment to the Complaint. Indeed, the only actual amendment to the Complaint would be the substitution of "STARK & STARK" for "SCHACHTER & PORTNOY, including as successor to STARK & STARK" (1) in the Caption and (2) in Paragraph 8 of the Complaint. *See* Complaint, Caption & ¶ 8. The United States' proposed First Amended Complaint is as attached hereto as Exhibit 1. A REDLINE reflecting all amendments included in the First Amended Complaint is attached hereto as Exhibit 2.

The Court should "freely give leave" to amend the Complaint "when justice so requires." Fed.R.Civ.P. 15(a)(2). The requested amendment is extremely narrow in scope. Moreover, Stark& Stark will not be prejudiced by the amendment, nor will either Donald or Jacqueline Meliado be prejudiced. Finally, the United States has not been dilatory in seeking leave to amend the Complaint.

Accordingly, the United States requests that the Court grant its motion to amend the Complaint solely to add Stark & Strark as a Defendant in place of the now dismissed Schachter & Portnoy.

**FACTUAL BACKGROUND**

The United States filed its Complaint in order to reduce Federal tax assessments to judgment against Defendants Donald and Jacqueline Meliado. The Complaint further seeks to foreclose the Federal tax liens against the Meliados' interests in their Real Property located at 115 Pawnee Road, Cranford, New Jersey. *See* Complaint, ¶¶ 25 – 30 (Dkt. No. 1).

The United States named "Schachter & Portnoy, including as successor to Stark & Stark," as a Defendant because the United States had a reasonable belief that Schachter & Portnoy might have an interest in the Meliados' Cranford, New Jersey, property to be foreclosed. Specifically, the United States reasonably believed that Schachter & Portnoy was the successor in interest to a Stark & Stark judgment lien against Defendant Donald J. Meliado in excess of the $26,000.

Accordingly, the United States named and served Schachter & Portnoy with the summons and complaint, but Schachter & Portnoy did not answer or otherwise appear in this action. The United States therefore requested that the Clerk of Court enter default against Schachter & Portnoy which the Clerk did on November 28, 2018.

Schachter & Portnoy has contacted the undersigned attorney of record for the United States and has disclaimed any interest in the Meliados' Cranford, New Jersey, Real Property. *See* Dkt. No. 13-1. Accordingly, the United States has moved to set aside the Clerk's Entry of Default against Schachter & Portnoy. *See* Dkt. No. 13. The United

States has also dismissed Schachter & Portnoy as a defendant in this lawsuit under Fed.R.Civ.P. 41(a)(1)(A)(i).  *See* Dkt. No. 13 & 13-1.

The United States' lawsuit against the Defendant Meliados is, in part, an action to "enforce the [Federal tax] lien" against the Meliados' Real Property under 26 U.S.C. §7403(a).  Given Schachter & Portnoy's disclaimer of interest in that Real Property, it now appears that Stark & Stark may have an interest in the Meliados' Cranford, New Jersey, Real Property to be foreclosed.  The United States therefore moves to add Stark & Stark as a defendant because "[a]ll persons having liens upon or claiming any interest in the property involved in such action **shall** be made parties thereto."  26 U.S.C. § 7403(b) (emphasis supplied).  If Stark & Stark does have an interest in the Meliados' Cranford, New Jersey, property, Stark & Stark will not be prejudiced by the United States' amendment of the Complaint so early in this action.

In addition, Court proceedings in this matter will not be delayed because the Court has Ordered that the pleadings may be amended at any time on or before January 11, 2019.  *See* Pretrial Scheduling Order, ¶ 12 (Dkt. No. 11).

## ARGUMENT

Rule 15(a)(2) states that the Court "should freely give" leave to amend pleadings "when justice so requires."  Fed. R .Civ. P. 15(a)(2).  The Supreme Court has instructed that:

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the

4

>   amendment, etc. – the leave sought should, as the rules require, be "freely given."

*Foman v. Davis,* 371 U.S. 178, 182 (1962). An "outright refusal to grant the leave without any justifying the reason appearing for the denial is . . . an abuse of . . . discretion." *Id.; Butler v. White,* 67 F.Supp.3d 59, 66 (D.D.C. 2014).

Rule 15(a)(2)'s "loose standard for allowing amendment is consistent with the spirit of the Federal Rules in that it 'facilitate[s] a proper decision on the merits' rather than making 'pleading a game of skill in which one misstep by counsel may be decisive to the outcome.'" *Butler v. White,* 67 F.Supp.3d at 66, *quoting Foman,* 371 U.S. at 181-82. "Thus, it follows that the party opposing amendment has the burden of convincing the Court why the amendment should not be granted." *Id.* at 66 (citing cases).

"Of the *Forman* factors, courts generally consider the 'most important factor' to be the possibility of prejudice to the opposing party.'" *Butler,* 67 F.Supp.3d at 67, *quoting Djourabchi v. Self,* 240 F.R.D. 5, 13 (D.D.C. 2006). But the non-movant must show not merely "prejudice," but "undue prejudice." *United States v. All Assets Held at Bank Julius,* 229 F.Supp.3d 62, 69 (D.D.C. 2017). To show "prejudice sufficient to justify a denial of leave to amend the 'opposing party must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence of which it would have offered had the amendments been timely.'" *Butler,* 67 F.Supp.3d at 67-68, *quoting In re Vitamins Antitrust Lit.*, 217 F.R.D. 30, 32 (D.D.C. 2003). For example, undue prejudice may be shown "because key witnesses are no longer available, [the non-movant] cannot conduct discovery, etc." *All Assets Held at Bank Julius,* 229 F.Supp.3d at

5

69.  By contrast, that the non-movant may have to incur additional expense does not show "undue" prejudice.  *Id.*  "Any amendment will require expenditure of resources on the part of the non-moving party."  *Id.*

Defendant Stark & Stark will not be "unfairly disadvantaged or deprived of the opportunity to present facts or evidence" if leave to amend is granted here.  *Butler,* 217 F.R.D.D. at 67-68.  Nor will any other party be prejudiced.  Moreover, the United States has not been dilatory in bringing this motion to amend the Complaint.  The Court has Ordered that the pleadings may be amended on or before January 11, 2019.  *See* <u>Pretrial Scheduling Order</u>, ¶ 12 (Dkt. No. 11).

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court grant its motion to amend the Complaint solely to add Stark & Stark in place of Schachter & Portnoy in the Complaint's Caption and in its Paragraph 8.

Dated:  December 11, 2018        RICHARD E. ZUCKERMAN
                                 Principal Deputy Assistant Attorney General

                                 /s/ Joseph E. Hunsader_____
                                 JOSEPH E. HUNSADER
                                 D.C. Bar #453328
                                 Trial Attorney, Tax Division
                                 U.S. Department of Justice
                                 Post Office Box 227
                                 Ben Franklin Station
                                 Washington, D.C.  20044
OF COUNSEL:                      Tel:  (202) 514-0472
Craig Carpenito                  Facsimile:  (202) 514-6866
United States Attorney           Email:  joseph.e.hunsader@usdoj.gov

CERTIFICATE OF SERVICE

It is hereby certified that on December 11, 2018, I caused the following document(s):

1.  UNITED STATES' MOTION TO AMEND COMPLAINT TO ADD STARK AS A DEFENDANT

2.  FIRST AMENDED COMPLAINT

3.  REDLINE of FIRST AMENDED COMPLAINT as against original COMPLAINT

4.  ORDER GRANTING UNITED STATES' MOTION TO AMEND COMPLAINT

To be served by Court's ECF system that electronically serves all filed documents on all attorneys of record on the same day of filing including upon:

> Lewis Cohn
> Witman Stadtmauer
> 26 Columbia Turnpike, Suite 100
> Florham Park, N.J.  07932-2246
> Email:  lcohn@wsmesq.com

And by U.S. mail postage-prepaid addressed to:

> Stark & Stark
> 993 Lenox Drive, Building 2
> Lawrenceville, NJ  08648
>
> New Jersey Dep't of Treasury – Division of Taxation
> 50 Barrak Street, Trenton, NJ  08608,
>
> New Jersey Department of Labor
> 1 John Fitch Plaza, Trenton, NJ  08625

/s/Joseph E. Hunsader
Joseph E. Hunsader
Trial Attorney, Tax Division

7