UNITED STATES DEPARTMENT OF JUSTICE
RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General
Tax Division
JOSEPH E. HUNSADER
Trial Attorney
P.O. Box 227 - Ben Franklin Station
Washington, DC 20044
Tel: (202) 514-0472
Facsimile: (202) 514-6866
Email: joseph.e.hunsader@usdoj.gov

UNITED STATES ATTORNEY'S OFFICE
CRAIG CARPENITO
United States Attorney
970 Broad Street, Suite 700
Newark, NJ 07102-2535
*Attorneys for the United States of America*

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:18-cv-11387-MCA-SCM |
| | ) | Judge Madeline C. Arleo |
| DONALD J. MELIADO, JR., | ) | Magistrate Steven C. Mannion |
| JACQUELINE V. MELIADO, | ) | |
| STATE OF NEW JERSEY | ) | |
| DEPARTMENT OF THE TREASURY | ) | |
| DIVISION OF TAXATION, | ) | |
| STATE OF NEW JERSEY | ) | |
| DEPARTMENT OF LABOR, and | ) | |
| STARK & STARK, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**FIRST AMENDED COMPLAINT FOR FEDERAL TAXES
AND TO FORECLOSE FEDERAL TAX LIENS**

Exhibit
1

This is a civil action brought by the United States to collect certain federal tax assessments made against Donald J. Meliado, Jr., and Jacqueline V. Meliado, to enforce the federal tax liens on certain real property held by them (the "Real Property"), and to obtain judicial sale of the Real Property.  This civil action is commenced at the request and authorization of the Chief Counsel for the Internal Revenue Service, a delegate of the Secretary of the Treasury, and at the direction of the Attorney General of the United States.

## JURISDICTION & VENUE

1. Jurisdiction over this action is proper under 28 U.S.C. §§ 1340 and 1345 as well as under 26 U.S.C. §§ 7402 and 7403.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1396.

## PARTIES

3. Plaintiff is the United States of America.

4. Defendant Donald J. Meliado, Jr., resides in Union County in Cranford, New Jersey.

5. Defendant Jaqueline V. Meliado resides in Union County in Cranford, New Jersey.

6. Defendant State of New Jersey, Department of the Treasury, Division of Taxation, may assert an interest in the Real Property.

7. Defendant State of New Jersey, Department of Labor, may assert an interest in the Real Property.

8.      Defendant Stark & Stark, located in Princeton, New Jersey, may assert an interest in the Real Property.

### COUNT I – REDUCE FEDERAL INCOME TAX ASSESSMENTS MADE AGAINST DONALD J. MELIADO, JR., AND JACQUELINE V. MELIADO TO JUDGMENT

9.      The United States incorporates by reference the allegations of paragraphs 1 to 8 herein.

10.     For the relevant years stated below, Defendants Donald J. Meliado, Jr. and Jacqueline V. Meliado filed their federal income returns electing the status of married filing jointly.  On the dates listed below, a delegate of the Secretary of the Treasury made assessments against Defendants Donald J. Meliado, Jr. and Jacqueline V. Meliado for their joint income tax (Form 1040) liabilities in the amounts stated.  All related notices of federal tax lien were filed on the dates and locations indicated in the below table.

| Type of Tax and Tax Period | Date of Assessment | Lien Filing Date and Location | Unpaid Assessed Balance | Accrued Penalties & Interest to 07/09/2018 | Total Unpaid Balance as of 07/09/2018 |
|---|---|---|---|---|---|
| Form 1040 2005 | 07/21/2008 | 08/27/2008 Union Cty, NJ | $40,675.65 | $4,103.95 | $44,779.60 |
| Form 1040 2007 | 03/10/2010 | 04/06/2010 Union Cty, NJ | $15,347.66 | $1,078.79 | $16,426.45 |
| Form 1040 2010 | 09/24/2012 | 05/21/2013 Union Cty, NJ | $127,377.48 | $8,953.31 | $136,330.79 |
| Form 1040 2011 | 09/24/2012 | 05/21/2013 Union Cty, NJ | $59,492.37 | $4,181.71 | $63,674.08 |
| Form 1040 2012 | 06/23/2014 | 07/21/2014 Union Cty, NJ | $6,756.79 | $474.93 | $7,231.72 |

| Type of Tax and Tax Period | Date of Assessment | Lien Filing Date and Location | Unpaid Assessed Balance | Accrued Penalties & Interest to 07/09/2018 | Total Unpaid Balance as of 07/09/2018 |
|---|---|---|---|---|---|
| Form 1040 2013 | 05/19/2014 | 07/21/2014 Union Cty, NJ 02/03/2016 Union Cty, NJ | $39,396.50 | $2,767.84 | $42,586.29 |
| Form 1040 2014 | 1/11/2016 | 02/03/2016 Union Cty, NJ | $45,785.33 | $12,823.55 | $58,608.88 |
|  |  |  |  | **TOTAL** | **$369,637.81** |

11.  The tax assessments described above in paragraph 10 were made correctly and in accordance with the law.

12.  Proper notice and demand for payment of the tax assessments described above in Paragraph 10 were made correctly on Defendants Donald J. Meliado, Jr., and Jacqueline V. Meliado.

13.  Defendants Donald J. Meliado, Jr., and Defendant Jacqueline V. Meliado have failed to pay the United States the full amount owed as a result of the tax assessments described above in Paragraph 10.

14.  By reason of the foregoing, and as specifically set forth in Paragraph 10 above, Defendants Donald J. Meliado, Jr. and Jacqueline V. Meliado are jointly indebted to the United States in the total amount of $369,637.81, as of July 9, 2018, plus interest, penalties, and costs that will continue to accrue according to law subsequent to that date.

## COUNT II – REDUCE FEDERAL TRUST FUND RECOVERY PENALTY ASSESSMENTS AGAINST DONALD J. MELIADO, JR., TO JUDGMENT

15. The United States incorporates by reference the allegations of paragraphs 1 to 14 herein.

16. Federal law requires employers to withhold income, Social Security and Medicare taxes from their employees' wages, to hold these employee payroll taxes in trust, and then to pay over the withheld taxes to the United States Treasury.  26 U.S.C. §§ 3101-02, 3402 & 7501.  These withheld taxes are known as "Trust Fund Taxes." Because of the great importance of this tax withholding system to the Treasury, those "responsible persons" who "wilfully" fail  to withhold and to pay over these Trust Fund Taxes to the United States are personally liable for a penalty, known as the "Trust Fund Recovery Penalty," or "TFRP."  See Internal Revenue Code § 6672.

17. Specifically, under Internal Revenue Code section 6672, "[a]ny person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over."  26 U.S.C. § 6672(a).

18. Meliado & Meliado was a law firm located at 707 Broadway, Bayonne, New Jersey.  Upon information and belief, Defendant Donald J. Meliado, Jr. was an owner, partner, member, and/or shareholder in Meliado & Meliado with his father,

5

Donald J. Meliado, Sr., until his father's death on or about October 8, 2010. Defendant Donald J. Meliado, Jr. was thereafter the sole owner, partner, member and/or shareholder in Meliado & Meliado. Defendant Donald J. Meliado, Jr., had the ability to (and did) sign checks on the law firm's bank account, had authority to and did sign Meliado & Meliado's quarterly federal tax returns, and had the authority to (and did) pay other creditors in lieu paying the law firm's Trust Fund Taxes to the United States. Upon information and belief, Defendant Donald J. Meliado, Jr., also had the authority to hire and fire Meliado & Melidado's employees. Defendant Donald J. Meliado, Jr., therefore had the status, duty and authority of a "responsible person" under 26 U.S.C. § 6672.

19. Defendant Donald J. Meliado, Jr. approved the payment of net wages to employees of Meliado & Meliado at a time when the law firm's federal employment taxes remained unpaid. Defendant Donald J. Meliado, Jr. also paid other Meliado & Meliado creditors in preference to the United States with respect to withheld employment taxes as described above. Defendant Donald J. Meliado thereby "willfully" failed to collect, account for, and pay over to the United States Meliado & Meliado's federal employment taxes under 26 U.S.C. § 6672.

20. A delegate of the Secretary of the Treasury on June 17, 2013, assessed the TFRP against Defendant Donald J. Meliado, Jr., pursuant to 26 U.S.C. § 6672, in the below listed amounts representing Trust Fund Taxes that were required to be withheld from the wages of employees of Meliado & Meliado during the taxable quarterly periods (*i.e.*, "Q1", "Q2", "Q3", or "Q4") identified below, and which were not paid

6

over to the Federal Government when due. All related notices of federal tax lien were filed on the dates and locations stated in the below table.

| Type of Tax and Tax Period | Date of Assessment | Lien Filing Date and Location | Unpaid Assessed Balance | Accrued Penalties & Interest to 07/09/2018 | Total Unpaid Balance as of 07/09/2018 |
|---|---|---|---|---|---|
| § 6672 Civil Penalty 2005Q1 | 06/17/2013 | 08/14/2013 Union Cty, NJ | $1,741.44 | $122.41 | $1,863.85 |
| § 6672 Civil Penalty 2007Q4 | 06/17/2013 | 08/14/2013 Union Cty, NJ | $2,912.08 | $204.69 | $3,116.77 |
| § 6672 Civil Penalty 2008Q4 | 06/17/2013 | 08/14/2013 Union Cty, NJ | $2,642.75 | $185.76 | $2,828.51 |
| § 6672 Civil Penalty 2009Q1 | 06/17/2013 | 08/14/2013 Union Cty, NJ | $1,559.82 | $109.65 | $1,669.47 |
| § 6672 Civil Penalty 2009Q2 | 06/17/2013 | 08/14/2013 Union Cty, NJ | $1,559.82 | $109.65 | $1,669.47 |
| § 6672 Civil Penalty 2009Q3 | 06/17/2013 | 08/06/2013 Union Cty, NJ | $1,615.27 | $113.55 | $1,728.82 |
| § 6672 Civil Penalty 2009Q4 | 06/17/2013 | 08/06/2013 Union Cty, NJ | $3,066.96 | $215.57 | $3,282.53 |
| § 6672 Civil Penalty 2010Q1 | 06/17/2013 | 08/06/2013 Union Cty, NJ | $1,559.82 | $109.65 | $1,669.47 |
| § 6672 Civil Penalty 2010Q2 | 06/17/2013 | 08/06/2013 Union Cty, NJ | $1,559.82 | $109.65 | $1,669.47 |
| § 6672 Civil Penalty 2010Q3 | 06/17/2013 | 08/06/2013 Union Cty, NJ | $1,559.82 | $109.65 | $1,669.47 |

| Type of Tax and Tax Period | Date of Assessment | Lien Filing Date and Location | Unpaid Assessed Balance | Accrued Penalties & Interest to 07/09/2018 | Total Unpaid Balance as of 07/09/2018 |
|---|---|---|---|---|---|
| § 6672 Civil Penalty 2010Q4 | 06/17/2013 | 08/06/2013 Union Cty, NJ | $2,882.82 | $202.63 | $3,085.45 |
| § 6672 Civil Penalty 2011Q1 | 06/17/2013 | 08/06/2013 Union Cty, NJ | $1,558.07 | $109.50 | $1,667.57 |
| § 6672 Civil Penalty 2011Q2 | 06/17/2013 | 08/06/2013 Union Cty, NJ | $1,558.07 | $109.50 | $1,667.57 |
| § 6672 Civil Penalty 2011Q3 | 06/17/2013 | 08/06/2013 Union Cty, NY | $1,457.47 | $210.10 | $1,667.57 |
| § 6672 Civil Penalty 2011Q4 | 06/17/2013 | 08/06/2013 Union Cty, NJ | $3,215.22 | $463.53 | $3,678.75 |
| § 6672 Civil Penalty 2012Q1 | 06/17/2013 | 08/06/2013 Union Cty, NJ | $1,471.64 | $212.16 | $1,683.80 |
|  |  |  |  | **TOTAL** | **$34,618.54** |

21.     The tax assessments described above in Paragraph 20 were made correctly and in accordance with the law.

22.     Proper notice and demand for payment of the tax assessments described above in Paragraph 20 were made correctly on Defendant Donald J. Meliado, Jr.

23.     Defendant Donald J. Meliado, Jr. has failed to pay the United States the full amount owed as a result of the tax assessments described above in Paragraph 20.

24.     By reason of the foregoing, and as specifically set forth in Paragraph 20, above, Defendant Donald J. Meliado, Jr. is indebted to the United States for the TFRP in

the total amount of $34,618.54, as of July 9, 2018, plus interest, penalties, and costs that will continue to accrue according to law subsequent to that date.

## COUNT III – FORECLOSURE OF TAX LIENS

25. The United States incorporates by reference the allegations of Paragraphs 1 to 25.

26. By reason of the assessments described in Paragraphs 10 and 20 and pursuant to 26 U.S.C. §§ 6321 and 6322, federal tax liens arose in favor of the United States as of the dates of the assessments and attached to all property and rights to property of Defendants Donald J. Meliado, Jr., and Jacqueline V. Meliado then owned or thereafter acquired by them.

27. On or about October 29, 1992, Defendants Donald J. Meliado, Jr., and Jacqueline V. Meliado acquired by deed the Real Property that is the subject of this action. The Real Property is located at 115 Pawnee Road, Cranford, New Jersey, and which Real Property is improved with a single-family home. The Real Property is more particularly described as:

> ALL that certain tract, lot and parcel of land situate in the Township of Cranford, County of Union and State of New Jersey, being more particularly described as follows:
>
> BEGINNING at a point in the southerly sideline of Pawnee Road distant 358.62 feet westerly from the intersection formed by the southerly sideline of Pawnee Road with the westerly sideline of Sprinfield Avenue and running thence:
>
> (1) South 02 degrees 29 minutes 20 seconds East 120.00 feet to a point; thence
> (2) South 87 degrees 30 minutes 40 seconds West 90.00 feet to a point; thence
> (3) North 02 degrees 29 minutes 20 seconds West 120.00 feet to a point; thence
> (4) North 87 degrees 30 minutes 40 seconds East 90.00 feet to a point and place of BEGINNING.

The above description is based upon a survey made by M.R. Mastrangolo and Assoicates, dated September 1, 1992.

BEING also known as Lot 13 in Block 117 on the current Tax Map of the Township of Crawford.

BEING the same property conveyed to the grantors herein by Deed from Walter L. Baker and E. Grace Bake, his wife, dated July 3, 1955, recorded on July 7, 1955, in the Office of the Union County Register at Deed Book 2199, Page 176.

28. The tax liens of the United States with respect to the tax assessments described in Paragraphs 10 and 20 arose upon the dates of the assessment of the taxes and attached to all of the property and rights to property of the Defendants, including the respective interests of Defendants Donald J. Meliado, Jr., and Jacqueline V. Meliado in the Real Property described in Paragraph 27.

29. Notices of Federal Tax Lien were filed with the Clerk of the Land Records Office for Union County, New Jersey, with respect to the above-referenced tax liabilities and on the dates stated in Paragraphs 10 and 20 above.

30. The United States is entitled to foreclose the tax liens described in Paragraphs 10 and 20 against the Real Property described in Paragraph 27, and that Real Property should be sold to satisfy the unpaid balance of assessments and all accrued statutory additions to tax as provided by law.

WHEREFORE, the United States prays that:

    A. That the Court grant judgment in favor of the United States and against Defendants Donald J. Meliado, Jr. and Jacqueline V. Meliado upon their joint Form 1040 income tax liabilities for the 2005, 2007, 2010, 2011, 2012,

|   |   |
|---|---|
|   | 2013, and 2014 tax periods in the total amount of $369,637.81, as of July 9, 2018, plus statutory additions to tax that will accrue according to law after that date; |
| B. | That the Court grant judgment in favor of the United States and against Defendant Donald J. Meliado, Jr. upon his 26 U.S.C. § 6672 Trust Fund Tax Recovery Penalty liabilities for the quarterly periods 2005Q1, 2007Q4, 2008Q4, 2009Q1, 2009Q2, 2009Q3, 2009Q4, 2010Q1, 2010Q2, 2010Q3, 2010Q4, 2011Q1, 2011Q2, 2011Q3, 2011Q4, and 2012Q1 in the total amount of $34,618.54, as of July 9, 2018, plus statutory additions to tax that will accrue according to law after that date; |
| C. | That the Court adjudge, determine, and decree the tax liens of the United States described in Paragraphs 10 and 20, attaching to the interests of Defendants Donald and Jacqueline Meliado (with respect to the joint federal tax liabilities assessed against them) and Defendant Donald J. Meliado, Jr. (with respect to the Trust Fund Recovery Penalties assessed against him) in the Real Property described in Paragraph 27 be foreclosed; that the Real Property described in Paragraph 27 be sold by a proper officer of the Court according to law, free and clear of any rights, title, liens, claims, or interests of the defendants herein; that this Court order that the proceeds of the sale of the Real Property be distributed first to the expenses of the sale; and second in accordance with the respective priorities of the interests of the parties herein as determined by the Court, |

        including that any party who does not appear and assert an interest shall be adjudged and decreed not to have an interest in the Real Property; and

D.     That this Court award the United States its costs and fees and grant such other and further relief as the Court deems just and proper.

Dated: January ___, 2019

RICHARD E. ZUCKERMAN  
Principal Deputy Assistant Attorney General

/s/ Joseph E. Hunsader  
JOSEPH E. HUNSADER  
D.C. Bar #453328  
Trial Attorney, Tax Division  
U.S. Department of Justice  
Post Office Box 227  
Ben Franklin Station  
Washington, D.C. 20044  
Tel: (202) 514-0472  
Facsimile: (202) 514-6866  
Email: joseph.e.hunsader@usdoj.gov

OF COUNSEL:  
Craig Carpenito  
United States Attorney