

**U.S. Department of Justice**

**Tax Division**
*Please reply to:* Civil Trial Section, Eastern Region
P.O. Box 227
Washington, D.C. 20044
Fax No. 202-514-6866

REZ:DSM:JEHunsader
DJ 5-48-22730
CMN 2017102169

May 30, 2019

*Filed Electronically via the Court's ECF System*

Honorable Steven C. Mannion
Martin Luther King Building & U.S. Courthouse
50 Walnut Street, Room 4015
Newark, NJ 07101

        Re:    *United States v. Donald Meliado, Jacqueline Meliado, et al*
               No. 2:18-cv-11387-MCA-SCM (USDC D.N.J.)

               Status Teleconference:    Tuesday, June 4, 2019
                                             10:45 a.m.

Dear Magistrate Mannion:

      In accord with the Court's March 4, 2019, Minute Order (Dkt. No. 24) that the parties submit a concise agenda letter prior to the June 4, 2019, Status Teleconference, the parties submit the following:

**I.    Plaintiff's statement.**

      **A.    Description of case.**

      This is a civil action brought by Plaintiff, the United States of America, to reduce federal income tax assessments to judgment, and also to foreclose certain federal tax liens against Defendants Donald and Jacqueline Meliados' interests in real property.

      Specifically, the United States first seeks to reduce <u>joint</u> federal tax assessments against Donald and Jacqueline Meliado to judgment. These joint tax liabilities result from Defendants' failure to pay their income taxes for seven tax years from 2005 to 2014. Those joint tax liabilities exceeded $369,000, as of July 2018. Second, the United States seeks to reduce additional "Trust Fund Recovery Penalty" ("TFRP") assessments in excess of $34,000 against

- 2 -

Donald Meliado only. Consequently, the United States is seeking recovery of well over $400,000 in tax liabilities, that continue to accrue interest and other statutory additions.

Furthermore, the United States seeks to satisfy those over $400,000 in tax liabilities, at least in part, by foreclosing its federal tax liens against Defendants' interest in their Cranford, NJ, real property.

### B. Discovery

The parties previously indicated to the Court that expert testimony would not be required in this matter. *See* Dkt. No. 10, p. 3. With respect to fact discovery, the Court's March 4, 2019, Minute Order sets fact discovery cut-off as June 28, 2019. *See* Dkt. No. 24.

Since the parties' last Status Report, the United States has issued a second set of written discovery to Defendants to which Donald Meliado responded on April 29, 2019. Plaintiff has initiated meet and confer with respect to certain portions of that response. In addition, Plaintiff has noticed each of Defendants' depositions for June 19, 2018, or other mutually convenient date that week.

### C. Possibility of settlement.

On December 28, 2018, and during the midst of federal shutdown, Defendants submitted a written settlement proposal. In late February 2019, the Plaintiff identified additional provisions that would likely be required in any acceptable settlement proposal. Defendant submitted a revised draft settlement in late April 2019 as to which Plaintiff has recently provided additional comments.

### D. Agenda items for Status Teleconference.

Although Plaintiff has noticed Defendants' depositions for prior to the June 28, 2019, discovery cut-off, given counsels' other obligations, with the Court's approval the parties would prefer that those depositions actually occur in July. In addition, Plaintiff reserves the right to respond to any items that Defendants may raise.

## II. Defendants' statement.

### A. Description of the case.

The amount of tax has been significantly reduced by the continued payment of $1,000.00 bi-weekly by way of wage garnishment of Jacqueline Meliado. To date, the Meliados have paid approximately $110,000.00 to the delinquent balance. The wage garnishment continues and an additional $32,000.00 has been applied to the amount now claimed owed since the filing of the complaint. In addition the amount of $8,034.00 is to be applied to the open balance for the 2016 tax year and, to date; the Meliado's have not been given any indication as to whether that amount

has been applied. In addition there amounts to be credited to the Meliado's account that have been made part of their initial submissions from the IRS own records.

In addition the Meliados have made a good faith to settle this matter almost immediately after the initial conference to date there have been no response for the plaintiff. All tax returns are current and they continue to pay by way of the garnishment of $1,000.00 bi-weekly.

**B.    Possibility of settlement.**

The Meliados are awaiting a response to their settlement proposal.

**C.    Defendants' compliance with the Plaintiff's discovery request.**

The defendants supplied all necessary documentation in their initial disclosures which was specifically discussed at the initial conference which Mr. Meliado attended. Contrary to plaintiff's contention that defendants have failed to produce documents in response to plaintiff's request for production of documents, defendants actually produced all of their available documents – supplemented by periodic additional documents obtained by defendants – in their Initial Disclosures to plaintiff. All credits now claimed are from the IRS own documents. In addition, the current garnishments continually reduces the amount now claimed owed.

**D.    Removal of State Court Action.**

The delay in addressing the settlement proposal of the Meliados is preventing a resolution of the state court action relating to the approximately $110,000.00 property tax lien.

**E.    Defendants' Agenda.**

    a.    Reduce the amount now claimed to a single judgment that the Meliados will pay monthly until they can refinance their home and the dismissal the current foreclosure action.

Sincerely yours,

JOSEPH E. HUNSADER, Esq.
Trial Attorney
Civil Trial Section, Eastern Region
*Attorney for Plaintiff*

Sincerely yours,

Lewis B Cohn by JEH

LEWIS B. COHN, Esq.
Witman Stadtmauer, PA
*Attorney for Defendants*