# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>DONALD J MELIADO, JR., JACQUELINE V. MELIADO, STATE OF NEW JERSEY DEPARTMENT OF THE TREASURY DIVISION OF TAXATION, STATE OF NEW JERSEY DEPARTMENT OF LABOR, STARK & STARK, and U.S. BANK, CUSTODIAN FOR BV TRUST 2015-1,<br><br>　　　　　　Defendants. | Civil Action No.<br><br>18-11387 (MCA) (LDW)<br><br>**REPORT AND RECOMMENDATION** |

**LEDA DUNN WETTRE, United States Magistrate Judge**

　　　　Before the Court are (1) the motion of defendant U.S. Bank, Custodian for BV Trust 2015-1 ("U.S. Bank") for an Order tolling the statute of limitations under N.J.S.A. 54:5-33 for U.S. Bank to recover from Cranford Township the premium for purchase of a tax sale certificate relating to the Meliado defendants' home in Cranford, New Jersey; and (2) non-party Cranford Township's Motion to Intervene (ECF Nos. 88, 89).  United States District Judge Madeline Cox Arleo referred these motions to the undersigned for a Report and Recommendation.  The motions are decided without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure.  Having considered all written submissions on the motions (ECF Nos. 88-95), for the reasons set forth below, the undersigned respectfully recommends that U.S. Bank's motion be **DENIED** and that Cranford Township's motion be **DENIED** as moot.

## I. BACKGROUND

The United States commenced this action in July 2018 to recover from defendants Donald and Jacqueline Meliado approximately four hundred thousand dollars in unpaid personal and business taxes. (ECF No. 1). The Government's action sought to recover tax assessments from the Meliados and to obtain judicial sale of the Meliados' home at 115 Pawnee Road, Cranford, New Jersey (the "Cranford Home") to satisfy the federal tax liens. (*Id.* at 2, ¶¶ 25-30). The Government impleaded as defendants all entities known to have an interest in the Cranford Home.[1]

In June 2019, the United States removed to this Court a separate action that U.S. Bank had filed against it and the Meliados in the Superior Court of New Jersey, Union County, Chancery Division (the "2019 Action"). *See U.S. Bank, as Custodian for BV Trust 2015-1 v. Donald & Jacqueline Meliado, United States, State of New Jersey and Stark & Stark,* No. 2:19-cv-14128 (D.N.J) at ECF No. 1. U.S. Bank sought in the 2019 Action to foreclose a tax sale certificate on the Cranford Home. (*See* 19-cv-14128, ECF No. 1-1).

Shortly after removal of the 2019 Action, the Government moved to consolidate that action with the instant one. (ECF No. 29).[2] U.S. Bank was duly noticed of both the removal of the action and the consolidation motion. (19-cv-14128, ECF Nos. 1 at 5; 3 at 3). It did not oppose consolidation or otherwise appear before this Court in either this action or the 2019 Action.

The Court granted the Consolidation Motion by Order of October 3, 2019, and instructed the parties that, henceforth, "all future pleadings, filings, and other papers be filed only in this action." (ECF No. 36). It thereafter extended the fact discovery period to late November 2019

---

[1] Initially, these defendants were the Meliados, the State of New Jersey, and the firm Schachter & Portnoy. (ECF No. 1). In January 2019, the Government filed an Amended Complaint substituting Stark & Stark for Schacter & Portnoy. (ECF No. 18).
[2] All citations to "ECF No." refer to the docket of this case, unless otherwise specified.

and scheduled a settlement conference for October 17, 2019. The Court specified in the Consolidation Order that the 2019 Action and the instant one would be consolidated for all purposes, including the October 17, 2019 settlement conference.[3] Nevertheless, the only parties to appear at the October 2019 settlement conference before the undersigned were the Government and the Meliados.

The Government and the Meliados reached a settlement in principle of the claims in December 2019, and no other party ever having appeared in the action, the case was administratively closed while they sought to consummate the settlement. (ECF No. 41). Attempts to finalize the settlement became protracted as the parties negotiated settlement terms and experienced delays resulting from the pandemic and the retirement of the Meliados' litigation counsel. (*See* ECF Nos. 45 through 71). During this period, the Court communicated with the Government and the Meliados regularly and held several conferences to assist them in finalizing the settlement. (*See id*.).

At a telephonic settlement conference held by the undersigned on March 4, 2021, an attorney for U.S. Bank named Patrice Ianetti unexpectedly joined the conference. Despite U.S. Bank's never having filed a pleading or otherwise appeared in the action in the two years since the 2019 Action was removed to this Court, Ms. Ianetti asserted that U.S. Bank wished to participate in the litigation. She again joined a June 10, 2021 telephone conference held by the Court, and reiterated U.S. Bank's intention to participate in the action. Accordingly, the Court reopened the action for active litigation by Order dated June 10, 2021. (ECF No. 81).

---

[3] The Order further required a Consolidated Amended Complaint formalizing the consolidated claims to be filed, which eventually was done on April 9, 2021. (ECF No. 73).

Despite the reopening of the action, and despite U.S. Bank's having filed a waiver of service acknowledging receipt of the Consolidated Amended Complaint (ECF No. 79), U.S. Bank did not appear in the action. It never filed an Answer or otherwise responded to the Consolidated Amended Complaint. Only when the Government and the Meliados jointly moved for Court approval of a Consent Judgment resolving the action (ECF No. 82), did U.S. Bank file a Certification with the Court seeking "an Order from the Court acknowledging that the aforementioned five (5) year period has been tolled in light of the Notice of Removal and will continue to be tolled until U.S. Bank is allowed to proceed in State Court and for a reasonable period of time to complete its action or secure a redemption." (ECF No. 84 ¶ 7). The Court, noting that it was "unclear from the Certification of U.S. Bank whether the Court has jurisdiction to issue the relief that party seeks," instructed U.S. Bank by Text Order that it should pursue relief from the Court by motion rather than seeking relief by filing a bare Certification on the docket. (ECF No. 86). U.S. Bank then filed the instant motion. (ECF No. 88).

U.S. Bank now moves the Court to declare tolled its time to pursue foreclosure of the tax sale certificate for the Cranford Home for the period starting with the removal of the 2019 Action to this Court through dismissal of this action. Under § 54:5-33 of New Jersey's Tax Sale Law, N.J.S.A. §§ 54:5-1 *et seq.*, U.S. Bank would be entitled to a return of the $64,000 premium it paid to Cranford for the certificate if it had redeemed the certificate within five years of its purchase, or by September 22, 2020. (ECF No. 88 at 1; ECF No. 91 at 1). As redemption indisputably did not occur within the five-year period, U.S. Bank may be time-barred from seeking return of the premium if its tolling motion is not granted. Its main argument in support of tolling is that the removal of the 2019 Action to this Court prevented it from pursuing its rights. (*See* ECF No. 88 at 6) ("The removal by the United States to Federal Court (while apparently appropriate) tied U.S.

4

Bank's hands and therefore constitutes an uncontroverted basis for tolling"). The Government and the Meliados oppose the motion. (ECF Nos. 91, 94). The Township of Cranford has moved to intervene for the purpose of opposing the motion. (ECF No. 89).

## II. DISCUSSION

Given U.S. Bank's longstanding failure to appear in this action, the Court first examines whether the motion is properly before it. Although the Court in granting leave to file the motion specified that the issue of the Court's jurisdiction would need to be addressed in the motion (ECF No. 86), U.S. Bank did not do so. For the following reasons, the Court finds that it may not reach the merits of the tolling motion because the motion is procedurally improper.

U.S. Bank's motion seeks a declaration of its rights pertaining to the Cranford Home. While the rights of interested parties in the Cranford Home were put in issue by the Government's Consolidated Amended Complaint, which asserts that the Cranford Home may be sold to satisfy the federal tax liens (ECF No. 73, Count III), no interested defendant other than the Meliados ever appeared in this action to assert their rights.[4] U.S. Bank, despite being on notice of its need to pursue its rights before this Court since the June 2019 removal of the 2019 Action, never filed a responsive pleading. As recently as the Spring of 2021, the Court made clear that U.S. Bank would be permitted to assert its rights. The Court reopened the action and ensured service of a Consolidated Amended Complaint on U.S. Bank in response to its counsel's informal oral requests belatedly to participate in the action. (*See* ECF Nos. 72, 79, 81). Yet, U.S. Bank, a sophisticated

---

[4] The Court notes that the foreclosure claim is not being pursued by the Government. The proposed Consent Judgment merely recites that the federal tax lien "attaches" to the Cranford Home. (ECF No. 82-2, ¶ 3).

institution, decided not to respond to the Consolidated Amended Complaint after it acknowledged service. (ECF No. 79).

As such, U.S. Bank comes before the Court as a party in default. It has not timely answered or otherwise responded to the Complaint, as required by Federal Rules of Civil Procedure 6 and 12. Nor has it ever sought an extension of time to do so. Therefore, U.S. Bank is considered to be in default, even though no party has sought entry of default under Fed. R. Civ. P. 55, as entry of default "is a purely formal matter." *See Orange Theatre Corp. v. Rayherstz Amusement Corp.*, 130 F.2d 185, 186 (3d Cir. 1942).

To participate in this case as a party in default, U.S. Bank must first vacate the default. *See id.* at 187; *see also Drippe v. Tobelinski*, 604 F.3d 778, 787 (3d Cir. 2010) (explaining that Fed. R. Civ. P. 6(b) imposes "a strict requirement that litigants file formal motions for Rule 6(b) time-extensions" before attempting to make untimely filings). Even then, under Rule 6(b)(2), the Court may only grant the motion to file late if "the moving party proves its failure to comply with the applicable deadline was the result of excusable neglect." *ADAPT of Phila. v. Phila. Hous. Auth.*, 511 F. Supp. 2d 510, 515 (E.D. Pa. 2007) (citing *Lujan v. National Wildlife Federation*, 497 U.S. 871 (1990)).[5]

The requirement that U.S. Bank follow the procedure prescribed by the Federal Rules is not a mere technicality. U.S. Bank's failure to do so leaves its motion for tolling untethered to any claim or defense that has been raised in this action. If U.S. Bank had filed a responsive pleading,

---

[5] The Court is skeptical on this record that U.S. Bank could demonstrate that its failure to file an Answer to the Consolidated Amended Complaint was the result of excusable neglect. Rather, it appears strategic. Given that U.S. Bank's main argument for tolling is that it was somehow procedurally prevented from pursuing its rights after its 2019 Action was removed to this Court, it no doubt has determined that the filing of an Answer would demonstrate that it was not in fact barred from participating in this action.

it could have asserted a counterclaim or crossclaim for declaratory relief concerning its rights to foreclose the tax sale certificate.  This, in turn, would have permitted Cranford Township to intervene to assert that U.S. Bank's claim was time-barred.  These rights could have been adjudicated within the framework of a motion to dismiss or a summary judgment motion.  But none of that has occurred because U.S. Bank has not taken the first step of filing a responsive pleading.  Instead, U.S. Bank, a defaulted defendant, comes to this Court essentially seeking summary judgment on a claim that it has never filed.  This is improper, as a sophisticated party like U.S. Bank should well know.  The Court therefore recommends that the motion be denied.

### III. CONCLUSION

Because the granting of this motion would be procedurally improper, the undersigned respectfully recommends that it be DENIED and further that Cranford Township's intervention motion, which is contingent on an adjudication of U.S. Bank's tolling rights, be DENIED AS MOOT.

Dated:  March 4, 2022

*Leda Dunn Wettre*
**Leda Dunn Wettre**
**United States Magistrate Judge**

Original:    Clerk of the Court
    cc:    Hon. Madeline Cox Arleo, U.S.D.J.
          All Parties